FILED: June 25, 2013

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4775
(1:09-cr-00290-NCT-1)

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

NORMAN ALAN KERR,

        Defendant - Appellant.

CORRECTED ORDER

The court directs counsel to file supplemental briefs and, if applicable, a supplemental joint appendix, within thirty days of the date of this order to address the following issues:

- Please identify, with citations to the record, when Kerr first argued that his conviction should be vacated because he lacks a prior conviction for a crime punishable by a term of imprisonment exceeding one year, as required for a conviction under 18 U.S.C. § 922(g)(1).

- Please discuss whether the mandate rule foreclosed the district court, on remand, from considering Kerr's argument that his conviction should be vacated and dismissed. Include in your discussion consideration of whether the Government has waived reliance on the mandate rule as well as the potential applicability of any of the exceptions to the mandate rule.

- Please assume, for the sake of argument, that the 2008 North Carolina convictions for breaking and entering do not constitute "felony" offenses for purposes of the Armed Career Criminal Act. Do any of Kerr's other prior convictions constitute "felonies" for purposes of his 18 U.S.C. § 922(g)(1) conviction?

- Please explain why the AOC-CR-605 form in the record at J.A. 120 does not contain the same state file number as that associated with the judgment imposing sentence on the 2008 breaking and entering convictions. (Compare J.A. 119-20 with J.A. 127). Is the AOC-CR-605 form for the 2008 state breaking and entering convictions in the record? If it is a form other than the one at J.A. 120 and it is available to the parties, please include it in a supplemental joint appendix filed with the supplemental briefs.

- Please address whether Kerr's appellate counsel in the initial appeal rendered ineffective assistance of counsel cognizable in this direct appeal because he failed to challenge Kerr's 18 U.S.C. § 922(g)(1) conviction on the basis that Kerr lacked a predicate felony.

　　　　　　　　　　　　　　　　　　For the Court


　　　　　　　　　　　　　　　　　　/s/ Patricia S. Connor, Clerk